**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 13, 2005
Decided June 7, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 04-2731 & 04-3606

| | |
|---|---|
| JIM E. HUGHES, SALLY LENTZ, et al., | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 02 C 1038 |
| MARINETTE COUNTY, LINDA DUMKE-MARQUARDT and JOSEPH TERRY, | William C. Griesbach, *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Plaintiffs appeal the district court's dismissal of their due process and takings claims.  As plaintiffs did not first exhaust their possible state court remedies, we affirm the district court's dismissal for want of subject matter jurisdiction.

Though the factual background is somewhat convoluted, the plaintiffs' basic complaint is that the Marinette County Clerk unlawfully transferred the deed to their property to Joseph Terry, who had successfully bid on the land at auction, thereby "taking" their property without just compensation and without due process of law. Their chief argument is that the exhaustion requirement set forth in *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108 (1985), doesn't apply to this set of facts because the taking in the instant case was for a purely private use.  This court has previously addressed this

argument in *Covington Court Ltd. v. Village of Oak Brook*, 77 F.3d 177 (7th Cir. 1996), and rejected it. We see no reason to stray from that holding now. The plaintiffs' claim is premature and was properly dismissed.

Plaintiffs also appeal the district court's award of attorney's fees to Defendant Joseph Terry. We agree with the district court's determination that there is no conceivable way that Terry could have ever been viewed as a state actor; the court did not abuse its discretion in awarding attorney's fees.

AFFIRMED.